Maryland Casualty Co. v. State Farm Mutual Ins. Co.

MARYLAND CASUALTY COMPANY, A CORPORATION, MAX SHERRILL, TED G. REID AND JOYCE C. REID v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, AND KELL A. THOMAS, JR.

No. 8626SC276

(Filed 21 October 1986)

**Insurance § 84.1— automobile insurance on car—car operable—truck not a substitute vehicle**

    An automobile insurance policy issued to the individual defendant which covered his 1971 AMC Hornet did not extend coverage to defendant's Chevrolet truck because it did not qualify as a temporary substitute vehicle, since the Hornet, though "rusted out" and in poor condition, was not withdrawn from use, but was still operable and merely parked at home at the time of the accident.

APPEAL by Maryland Casualty Company from *Chase B. Saunders, Judge.* Judgment entered 3 January 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 August 1986.

*Jones, Hewson & Woolard, by Hunter M. Jones and Harry C. Hewson, for plaintiff appellant.*

*Golding, Crews, Meekins & Gordon, by Rodney Dean, for defendant appellee.*

BECTON, Judge.

Plaintiff, Maryland Casualty Company (Maryland Casualty), provided uninsured motorists coverage for plaintiff Max Sherrill. During the coverage period, Sherrill and plaintiff Ted Reid were involved in a motor vehicle collision with defendant Kell Thomas, Jr. Maryland Casualty alleged in a declaratory judgment action that Thomas was insured by defendant State Farm Mutual Automobile Insurance Company (State Farm) at the time of the accident. State Farm denied coverage. The trial court granted State Farm's motion for summary judgment. Maryland Casualty appeals. We affirm.

I

Kell Thomas acquired six months of automobile insurance coverage from State Farm for his 1971 AMC Hornet automobile.

The coverage became effective 29 June 1981. A renewal premium was due 12 December 1981. Thomas did not pay the premium.

On 21 December 1981 Thomas purchased a Chevrolet truck from a private individual in South Carolina. He drove the truck to North Carolina where he collided with Max Sherrill's automobile. The collision caused personal injuries to Sherrill and his passenger, Ted Reid.

Maryland Casualty paid damages to Sherrill and Reid under Sherrill's uninsured motorists policy. Maryland Casualty then sought to establish in a declaratory judgment action that Thomas' State Farm policy was in full force at the time of the accident and that coverage extended to his Chevrolet truck.

The trial court found there was no genuine issue of material fact regarding the claims against State Farm, thereby granting its motion for summary judgment.

## II

Summary judgment is appropriate when the pleadings, depositions, interrogatories and admissions on file, together with affidavits show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mutual Life Insurance Company*, 300 N.C. 247, 266 S.E. 2d 610 (1980). In order to withstand State Farm's motion for summary judgment, Maryland Casualty must present a genuine issue of material fact on two issues—that Thomas' State Farm policy was in full force at the time of the accident and that his newly purchased Chevrolet truck was a covered vehicle. Because we find no evidence tending to show that Thomas' truck was a covered vehicle, we need not address the issue of whether the policy was in force.

## III

Maryland Casualty asserts in its brief that a factual dispute exists as to whether Thomas' truck should have received coverage under his AMC Hornet policy. Maryland Casualty claims the truck qualifies as a temporary substitute vehicle. The pertinent portions of Thomas' State Farm policy provide: "Your covered auto means: . . . 4. Any auto . . . you do not own *while used as a temporary substitute* for any other vehicle described in this

definition *which is out of normal use because of* its: a. breakdown; b. repair; c. servicing; d. loss; or e. destruction." (Emphasis added.)

The usual general rules of construction apply to the provision. The provision is construed liberally in favor of the insured if any construction is necessary. *Ransom v. Fidelity and Casualty Co.*, 250 N.C. 60, 108 S.E. 2d 22 (1959). Here the words "out of normal use because of" require that the initially covered vehicle be unavailable due to the effect of one of the listed causes. Maryland Casualty argues that Thomas' deposition tends to show that the Hornet was in poor condition which they claim is the equivalent of a "breakdown." It is true that no one disputes that the Hornet was "rusted out" and in poor condition. Similarly, however, no one disputes that the Hornet was operable at the time Thomas purchased the truck. Indeed, Thomas admits that the car was operating at the time he bought the truck. Therefore it was not "out of use *because of* breakdown" under any reasonable definition assignable to these terms. We hold the trial court was correct in finding that, as a matter of law, poor condition does not amount to a breakdown.

Maryland Casualty cites *Ransom* as authority for the proposition that a vehicle need not be withdrawn from use because of some *mechanical* defect in order for another vehicle to qualify as a substitute. Significantly, however, the initially covered vehicle must nonetheless be actually withdrawn from use. In *Ransom* the insured's car was in a paint shop and the court merely stated that there was no reason to draw a distinction between an automobile's unavailability due to body work versus mechanical repair. In the instant case Thomas freely admitted that his Hornet was operable. In no case has substitute vehicle status been given when the initially insured vehicle was merely parked at home and rusty.

Maryland Casualty also attempts to make such of State Farm agent Neill's entry in his claims journal stating "[he felt] that in the long run the vehicle [Thomas] was driving could and would apply as replacement vehicle and qualify as substitute." We fail to see how this statement forecasting a belief in what might occur in the future helps Maryland Casualty's case. In any event this is a legal conclusion which is not admissible anyway.

We affirm.

Judges JOHNSON and COZORT concur.